1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

| | |
|---|---|
| LUIS MANUEL MORA, INDIVIDUALLY AND ON BEHALF OF THE CLASS,<br><br>           Plaintiff,<br><br>                 v.<br><br>HARLEY-DAVIDSON CREDIT CORP., A CORPORATION, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>           Defendants. | 1:08-cv-01453 OWW GSA<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE (DOC. 8) |

17

18

19

20

21

22

23

24

25

26

27

28

I.  **INTRODUCTION**.

Plaintiff Luis Manuel Mora ("Mora") filed this class action lawsuit against Defendant Harley-Davidson Credit Corporation ("HDCC") in the Superior Court of the State of California, County of Merced, on August 19, 2008.  Plaintiff alleges HDCC violated California's Rees-Levering Automobile Sales Finance Act ("ASFA"), California Civil Code § 2981 et seq., and Unfair Competition Law, California Business and Professions Code § 17200 et seq., when it sent customers notices of its intent to dispose of repossessed vehicles that were defective under California law and attempted to collect deficiencies from debtors that were legally prohibited

1

1  because HDCC failed to strictly comply with ASFA's notice

2  provisions.  On September 26, 2008, Defendant HDCC filed a notice

3  of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and the

4  Class Action Fairness Act of 2005 ("CAFA").

5      Before the court for decision is Defendant's motion to

6  dismiss, or in the alternative, motion to strike Plaintiff's

7  claims to the extent they are based on alleged false reporting to

8  credit reporting agencies.  The motions are based on the ground

9  that such claims are expressly preempted by the Fair Credit

10 Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681 et seq.

11 Plaintiff opposes, arguing FCRA does not preempt the claims and

12 Plaintiff's state claims are based on state consumer protection

13 laws that are unrelated to FCRA.

14

15              II. <u>BACKGROUND</u>.

16     Plaintiff entered into a conditional sales contract to

17 purchase a new 2006 Harley-Davidson motorcycle with financing

18 arranged through Defendant HDCC.  As a financed sale of a motor

19 vehicle, Plaintiff asserts this transaction is controlled

20 exclusively in California by ASFA.  The selling dealer sold and

21 assigned its interest in the sales contract to lienholder HDCC.

22 Plaintiff contends that the motorcycle was plagued by defects

23 that the dealer was unable to repair after numerous attempts.  He

24 voluntarily surrendered it to HDCC in August 2007.

25     Plaintiff alleges that on September 4, 2007, HDCC sent

26 Plaintiff a notice of intent to dispose of a repossesed vehicle

27 that failed to comply with ASFA and applicable provisions of the

28 California Commercial Code.  Plaintiff argues that, under ASFA,

2

1  if a lender fails to give a legally compliant notice before it

2  sells or disposes of a repossessed or surrendered vehicle, it

3  loses its right to any deficiency owed from the buyer and is

4  prohibited from claiming or asserting any deficiency.

5  Accordingly, Plaintiff claims HDCC has no legal right to attempt

6  to collect any claimed deficiency from him and a purported class

7  of similarly situated former owners of Harley-Davidson

8  motorcycles financed by HDCC.  HDCC has both attempted to collect

9  and successfully collected a claimed deficiency from Plaintiff.

10      Plaintiff seeks to represent a class of "all persons from

11  whom HDCC and its associates, affiliates, and subsidiaries claims

12  it is owed a deficiency that was invalid due to HDCC's defective

13  NOTICE(S) and its failure to comply with the notice requirements

14  of Rees-Levering."  (Doc. 1-2, Complaint at 8.)  Plaintiff

15  asserts that the allegedly defective notice he received is a

16  standard notice HDCC sends as a matter of common business

17  practice to persons claimed to be liable to HDCC under its

18  conditional sales contract covering HDCC repossessed vehicles.

19  (*Id*. at 7.)  Plaintiff asserts that, at least four years prior to

20  the date of his complaint, HDCC has regularly collected and

21  attempted to collect deficiencies from proposed class members in

22  violation of ASFA.  (*Id*.)  Plaintiff is "unable to state the

23  precise number of potential members of the proposed class because

24  that information is in the sole possession of HDCC."  (*Id*. at 8.)

25  Plaintiff believes the size of the proposed class is "at least in

26  the hundreds."  (*Id*.)

27      Plaintiff seeks: 1) a declaration that HDCC did not comply

28  with AFSA and has no right to assert any deficiency claim against

**3**

1 any class member, 2) damages in the form of recovery for all

2 class members of payments made to HDCC on the deficiency claims,

3 compensation for damage to the credit records of class members,

4 and actual damages, 3) an injunction prohibiting HDCC from future

5 collection efforts and forcing it to disgorge profits, 4) to set

6 aside judgments HDCC successfully sought and obtained against

7 class members who it claimed owed a deficiency, and 5) attorney's

8 fees.

9

10 **III. <u>LEGAL STANDARD</u>.**

11 **A.    <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>.**

12     A motion to dismiss under Rule 12(b)(6) tests the legal

13 sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729,

14 732 (9th Cir. 2001).  While a complaint attacked by a Rule

15 12(b)(6) motion to dismiss does not need detailed factual

16 allegations, it is required to contain "more than labels and

17 conclusions, and a formulaic recitation of the elements of a

18 cause of action will not do.  Factual allegations must be enough

19 to raise a right to relief above the speculative level, on the

20 assumption that all the allegations in the complaint are true

21 (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550

22 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also Gilligan v.*

23 *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (issue is not

24 whether plaintiff will ultimately prevail, but whether claimant

25 is entitled to offer evidence to support the claim).  Dismissal

26 is warranted under Rule 12(b)(6) where the complaint lacks a

27 cognizable legal theory or where the complaint presents a

28 cognizable legal theory yet fails to plead essential facts under

**4**

1   that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

2   530, 534 (9th Cir. 1984).  In deciding a motion to dismiss, the

3   court accepts as true all material factual allegations in the

4   complaint and construes them in the light most favorable to the

5   plaintiff.  *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788

6   (9th Cir. 2002).

7        The court need not accept as true allegations that

8   contradict facts which may be judicially noticed.  *See Mullis v.*

9   *United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.

10  1987).  For example, matters of public record may be considered,

11  including pleadings, orders, and other papers filed with the

12  court or records of administrative bodies, *see Mack v. South Bay*

13  *Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986),

14  while conclusions of law, conclusory allegations, unreasonable

15  inferences, or unwarranted deductions of fact need not be

16  accepted.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979,

17  988 (9th Cir. 2001); *see also Branch v. Tunnell*, 14 F.3d 449, 453

18  (9th Cir. 1994) ("[A] document is not 'outside' the complaint if

19  the complaint specifically refers to the document and if its

20  authenticity is not questioned.").  Allegations in the complaint

21  may be disregarded if contradicted by facts established by

22  exhibits attached to the complaint.  *Sprewell*, 266 F.3d at 988.

23  Thus when ruling on a motion to dismiss, the court may consider

24  facts alleged in the complaint, documents attached to the

25  complaint, documents relied upon but not attached to the

26  complaint when authenticity is not contested, and matters of

27  which the court may take judicial notice.  *Parrino v. FHP, Inc.*,

28  146 F.3d 699, 705-06 (9th Cir. 1988).

1    **B.    Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).**

2         Rule 12(f) provides that "redundant, immaterial,

3    impertinent, or scandalous matter" may be stricken from any

4    pleading.  Fed. R. Civ. P. 12(f).  A motion to strike is limited

5    to pleadings.  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880,

6    885 (9th Cir. 1983).  Motions to strike are disfavored and

7    infrequently granted.  *Pease & Curren Refining, Inc. v.*

8    *Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D. Cal. 1990),

9    *abrogated on other grounds by Stanton Road Assocs. v. Lohrey*

10   *Enters.*, 984 F.2d 1015 (9th Cir. 1993).  Such motions should be

11   granted only where it can be shown that none of the evidence in

12   support of the allegation is admissible.  *Id.*

13

14                        **IV. DISCUSSION.**

15        Defendant moves to dismiss Plaintiff's claims to the extent

16   they are based on allegations relating to Defendant's duties as a

17   furnisher of information to credit reporting agencies.  Plaintiff

18   makes a number of allegations in his complaint related to HDCC's

19   conduct in reporting information to credit reporting agencies.

20   First, Plaintiff alleges:

21            Plaintiff is informed and believes that HDCC and/or its
             agents regularly report or communicate to consumer
22           credit reporting organizations that purported
             deficiencies following disposition of repossessed
23           vehicles pursuant to the unlawful practices described
             herein are bad debts when, in fact, Plaintiff and other
24           similarly-situated persons are not liable for said
             deficiencies as a matter of law, as set forth above.
25
     (Doc. 1-2, Complaint at ¶12.)  Plaintiff also contends that one
26
     of the questions of law and fact common to the proposed class is
27
     "whether HDCC falsely reported deficiencies as valid debts to
28

                                  **6**

1  credit reporting organizations." (*Id*. at ¶17.)  Finally,

2  Plaintiff asserts that class members "who have been subject to

3  efforts by HDCC or its agents or successors to collect the

4  invalid debts or who have had negative information on the invalid

5  debts reported to credit reporting agencies are entitled to

6  compensation for damage to their credit and/or other damages."

7  (*Id*. at ¶21.)  Defendant argues FCRA preempts any state claims

8  related to furnishers of information to credit reporting agencies

9  and their responsibilities.

10

11  **A.    Federal Pre-emption**

12        State law is pre-empted under the Supremacy Clause of

13  Article VI of the United States Constitution in three

14  circumstances.  First, Congress can define explicitly the extent

15  to which its enactments pre-empt state law.  See *Shaw v. Delta*

16  *Air Lines, Inc.,* 463 U.S. 85, 95-98 (1983).  Pre-emption

17  fundamentally is a question of congressional intent, see

18  *Schneidewind v. ANR Pipeline Co.,* 485 U.S. 293, 299 (1988), and

19  "when Congress has made its intent known through explicit

20  statutory language, the courts' task is an easy one."  *English v.*

21  *General Elec. Co.,* 496 U.S. 72, 78-79 (1990).

22        Second, in the absence of explicit statutory language, state

23  law is pre-empted where it regulates conduct in a field that

24  Congress intended the Federal Government to occupy exclusively.

25  *Id*.  Such an intent may be inferred from a "scheme of federal

26  regulation ... so pervasive as to make reasonable the inference

27  that Congress left no room for the States to supplement it," or

28  where an Act of Congress "touch[es] a field in which the federal

**7**

1    interest is so dominant that the federal system will be assumed

2    to preclude enforcement of state laws on the same subject."  *Rice*

3    *v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 (1947).   The

4    Supreme Court has emphasized that where the field Congress is

5    said to have pre-empted includes areas that have "been

6    traditionally occupied by the States," congressional intent to

7    supersede state laws must be "'clear and manifest.'"  *Jones v.*

8    *Rath Packing Co.,* 430 U.S. 519, 525 (1977) (quoting *Rice v. Santa*

9    *Fe Elevator Corp.,* 331 U.S. at 230).

10        Finally, state law is pre-empted to the extent that it

11   actually conflicts with federal law.  The Supreme Court has found

12   pre-emption where it is impossible for a private party to comply

13   with both state and federal requirements, see *Florida Lime &*

14   *Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-143 (1963), or

15   where state law "stands as an obstacle to the accomplishment and

16   execution of the full purposes and objectives of Congress." *Hines*

17   *v. Davidowitz,* 312 U.S. 52, 67 (1941).

18

19   B.    <u>As Applied to FCRA</u>.

20        FCRA sets forth its relationship to state law in § 1681t,

21   entitled "Relation to State laws":

22          **(a) In general**

23          Except as provided in subsections (b) and (c) of this
            section, this subchapter does not annul, alter, affect,
24          or exempt any person subject to the provisions of this
            subchapter from complying with the laws of any State
25          with respect to the collection, distribution, or use of
            any information on consumers, or for the prevention or
26          mitigation of identity theft, except to the extent that
            those laws are inconsistent with any provision of this
27          subchapter, and then only to the extent of the
            inconsistency.
28

**8**

15 U.S.C. § 1681t(a).

FCRA provides for general exceptions to § 1681t(a) in § 1681t(b):

> (b) General exceptions. No requirement or prohibition may be imposed under the laws of any State–
> > (1) with respect to any subject matter regulated under–
> > > (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply–
> > > > (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
> > > > (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

15 U.S.C. § 1681t(b)(1)(F).

From these sections, it is clear that while generally the FCRA does not preempt state law, it sets forth exceptions that do provide for preemption in certain cases.  Specifically, no "requirement or prohibition" under state law can be imposed regarding the subject matter regulated under 15 U.S.C. § 1681s-2, which relates to "the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681s-2 reads in part:

> (a) Duty of furnishers of information to provide accurate information
> > (1) Prohibition
> > > (A) Reporting information with actual knowledge of errors
> > > A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable

1        cause to believe that the information is
         inaccurate.

2

3    Plaintiff contends that the FCRA was not intended to pre-

4 empt the field.  It is evident field pre-emption does not apply

5 from § 1681t(a)'s command that "this subchapter does not annul,

6 alter, affect, or exempt any person subject to the provisions of

7 this subchapter from complying with the laws of any State"

8 relating to collecting or distributing information on consumers

9 except to the extent state laws are inconsistent with § 1681t.

10 *See Credit Data of Arizona, Inc. v. State of Arizona*, 602 F.2d

11 195, 197 (9th Cir. 1979).  Plaintiff further argues that FCRA

12 plainly limits its preemption of state regulations "only to the

13 extent of the inconsistency" with those regulations.  This is

14 inaccurate.  The plain language of § 1681t(b)(1)(F) expressly

15 preempts any state law relating to the duties of furnishers of

16 information to consumer reporting agencies.  In addition, while

17 15 U.S.C. §§ 1681t(b)(1)(F)(i) and (ii) exempt a specific

18 Massachusetts law and California Civil Code § 1785.25(a) from

19 such preemption, Plaintiff does not assert any claims under

20 Massachusetts law or California Civil Code § 1785.25(a) and thus

21 no exception applies here to the express pre-emption of state law

22 relating to furnishers of information to consumer reporting

23 agencies.

24    Here Plaintiff seeks damages for harm to class members'

25 credit and possible injunctive relief, although the complaint is

26 unclear as to the latter.  Title 15 U.S.C. § 1681s-2(a)

27 specifically requires furnishers of credit information to provide

28 accurate information.  Plaintiff alleges HDCC provided false

10

1 and/or inaccurate reporting of class members' deficiencies to

2 credit reporting agencies.   Because FCRA regulates furnishers'

3 provision of accurate information to credit agencies and Congress

4 intended this to be exclusive, any state claim with respect to

5 false or inaccurate reporting is pre-empted.

6       Plaintiff argues FCRA does not pre-empt state consumer

7 statutes that are unrelated to credit reporting, like ASFA and

8 the UCL.   Here Plaintiff misses the point.   Whether Plaintiff

9 seeks relief under ASFA or the UCL, allegations of false

10 reporting to credit agencies relate to "the responsibilities of

11 persons who furnish information to consumer reporting agencies"

12 as regulated under 15 U.S.C. § 1681s-2.   To the extent Plaintiff

13 asserts claims based on HDCC's alleged false reporting, such

14 claims are expressly pre-empted by FCRA.

15       No Ninth Circuit or other circuit authority has been located

16 that is directly on point.   However, in dicta in *Gorman*, the

17 Ninth Circuit took the position that all state law claims related

18 to furnishers' reporting duties are expressly pre-empted:

19 "Although § 1681t(b)(1)(F) appears to preempt all state law

20 claims based on a creditor's responsibilities under § 1681s-2, §

21 1681h(e) suggests that defamation claims can proceed against

22 creditors as long as the plaintiff alleges falsity and malice."

23 *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1026 (9th Cir.

24 2009).   A number of district courts have reached the same

25 conclusion.   *See Howard v. Blue Ridge Bank,* 371 F.Supp.2d 1139,

26 1144 (N.D. Cal. 2005) (finding UCL claim preempted because

27 "Congress intended the FCRA to preempt state laws regarding the

28 duties of furnishers and the remedies available against them,

1   rather than allowing different liabilities for furnishers

2   depending on the state of suit"); *Roybal v. Equifax,* 405

3   F.Supp.2d 1177, 1181 (E.D. Cal. 2005) *(*finding UCL claim, among

4   others, pre-empted and stating "[o]n its face, the FCRA precludes

5   all state statutory or common law causes of action that would

6   impose any "requirement or prohibition" on the furnishers of

7   credit information"); *Jaramillo v. Experian Information*

8   *Solutions, Inc.,* 155 F.Supp.2d 356, 361-62 (E.D. Pa.2001) ("it is

9   clear from the face of section 1681t(b)(1)(F) that Congress

10  wanted to eliminate all state causes of action 'relating to the

11  responsibilities of persons who furnish information to consumer

12  reporting agencies' "); *Hasvold v. First USA Bank,* 194 F.Supp.2d

13  1228, 1239 (D. Wyo. 2002) ("federal law under the FCRA preempts

14  plaintiff's claims [for defamation and invasion of privacy]

15  against the defendant relating to it as a furnisher of

16  information"); *Riley v. General Motors Acceptance Corp.,* 226

17  F.Supp.2d 1316, 1322 (S.D. Ala. 2002) (finding preemption of

18  state tort claims for negligence, defamation, invasion of privacy

19  and outrage, and acknowledging that "there is no question that

20  the statutory prohibition precludes suits under state consumer

21  protection laws").

22

23                      V. <u>CONCLUSION</u>.

24       For the reasons set forth above, Defendant's motion to

25  dismiss and strike Plaintiff's claims as they relate to alleged

26  ///

27  ///

28  ///

**12**

1  **false and/or inaccurate reporting by Defendant to credit**

2  **reporting agencies is GRANTED.**

3

4  **IT IS SO ORDERED.**

5  **Dated:    July 7, 2009**                              **/s/ Oliver W. Wanger**
                                                **UNITED STATES DISTRICT JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28