**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS MANUEL MORA, individually, and on behalf of the class,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HARLEY-DAVIDSON CREDIT CORP., a corporation and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | 1:08-cv-1453 OWW GSA<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference Date: 11/4/09 8:15 Ctrm. 3 |

I.  Date of Scheduling Conference.

　　July 31, 2009.

II. Appearances Of Counsel.

　　William M. Krieg & Associates by Patrick C. McManaman, Esq., appeared on behalf of Plaintiff.

　　Reed Smith LLP by Heather B. Hoesterey, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

　　<u>Plaintiff's Summary</u>

　　1.　This case involves Plaintiff's purchase of a 2006 Harley-Davidson motorcycle on October 4, 2006.  It is undisputed

1

that during the course of Plaintiff's purchase transaction, Plaintiff dealt only with the selling dealer regarding the purchase and finance of the vehicle.  The conditional sales contract was assigned to Harley-Davidson Credit Corp. ("HDCC"). Plaintiff alleges that the motorcycle was defective and unrepaired after a reasonable number of repair attempts. Plaintiff voluntarily surrendered the motorcycle to HDCC in about August, 2007.  In his Complaint for Restitution and Damages, Plaintiff and the class allege Defendant violated Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, et seq., and Business and Professions Code § 17200, et seq.  Plaintiff and the class seek restitution, damages, and such other legal and equitable relief as allowed by law, and attorneys' fees and costs.

**Defendant's Summary**

2.   Plaintiff did not purchase the motorcycle pursuant to a conditional sales contract, rather, Plaintiff financed his motorcycle purchase by obtaining a direct loan from HDCC's subsidiary, Eaglemark Savings Bank ("ESB") and ESB assigned its rights to HDCC.  Plaintiff surrendered the motorcycle and HDCC provided Plaintiff with a Notice of Intent to Dispose of Repossessed Collateral ("Notice").  After the sale of the motorcycle, HDCC attempted to collect from Plaintiff, but Plaintiff failed to pay the remaining deficiency due on the loan. HDCC has filed an answer and affirmative defenses to Plaintiff's Complaint.  In relevant part, HDCC denies that the Notice provided to Plaintiff failed to comply with applicable law and denies that Plaintiff's claims are appropriate for class

treatment.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

    2.   The Defendants, Does 1-10 inclusive, are ORDERED DISMISSED WITHOUT PREJUDICE, pursuant to agreement of the parties.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Luis Manuel Mora purports to bring this case on behalf of a class as yet to be defined.

        2.   Harley Davidson Credit Corp., is a Nevada corporation, and doing business in California as a lender.

        3.   Harley Davidson Credit Corp. is an assignee of the loan at dispute in this case which is secured by a Harley Davidson motorcycle.

        4.   The original lender and loan originator is Eaglemark Savings Bank.

        5.   Plaintiff purchased a 2006 Harley Davidson motorcycle on or about October 4, 2006.

        6.   Plaintiff claims that the motorcycle was defective and unrepaired after a number of attempts.

        7.   Plaintiff surrendered the motorcycle to Harley Davidson Credit Corp. in or around August of 2007.

        8.   Harley Davidson Credit Corp. provided Plaintiff with a Notice of Intent to Dispose of Repossessed Collateral.

        9.   The motorcycle was sold by Harley Davidson Credit

Corp. and an alleged deficiency remains due, owing and unpaid representing the difference between sale proceeds and the unpaid balance of the loan.

    B.    Contested Facts.

        1.    All remaining facts are contested.

VI.   Discovery Plan and Cut-Off Date.

        1.    After discussion concerning class certification issues and merits issues, it has been determined that the most efficient way to approach discovery in this case is as follows.

        2.    Initial disclosures shall be made on or before August 14, 2009.

        3.    The parties have ninety (90) days to complete preliminary discovery on issues that bear on the suitability of the case for maintenance as a class action, the facts and circumstances surrounding the individual Plaintiff's transaction.

        4.    A further Scheduling Conference shall be held on November 4, 2009, at 8:15 a.m. at which time the parties shall present their respective positions concerning the future schedule for the action.

IT IS SO ORDERED.

**Dated:   July 31, 2009**                        **/s/ Oliver W. Wanger**
                                                          UNITED STATES DISTRICT JUDGE