David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Heather B. Hoesterey (SBN 201254)
Email: hhoesterey@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant
Harley-Davidson Credit Corp.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUAL MORA, individually and on behalf of the class,<br><br>Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON CREDIT CORP., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No.: 1:08-CV-01453-OWW-GSA<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION** |

In order to protect confidential, proprietary, trade secret and private consumer information, the parties to this action, by and through their respective counsel of record, hereby agree as follows:

1. This Stipulation and [Proposed] Protective Order Regarding Confidential, Trade Secret and Private Consumer Information ("Order") shall govern the use of confidential, proprietary, trade secret and private consumer information produced during discovery in the above-entitled action.  As used in this Order, the term "party" shall mean all named parties to this action, including any named party added or joined to this action.  As used in this Order, the term "non-party" shall mean any individual, corporation, association, or other natural person or entity other than a party. The term "document" or "documents" as used herein are intended to be comprehensive and include any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil

PDF created with pdfFactory trial version www.pdffactory.com

Procedure. For purposes of this Order, the party or non-party designating information, documents, materials or items as "Confidential" bears the burden of establishing the confidentiality of all such information, documents, materials or items.

2. "Confidential Information" is defined for purposes of this Order as the following types of documents and information:

   a. Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1 or other equivalent, such as the Illinois Trade Secrets Act (765 Illinois Compiled Statutes, § 1065) or Nevada's adaptation of the Uniform Trade Secrets Act (Nevada Revised Statutes, § 600A.010, *et seq.*);

   b. Non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party;

   c. Consumer-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, and other equivalent privacy laws.

   d. Information which otherwise qualifies for protection under standards developed under statutory and common law.

3. Documents claimed by the producing party or non-party ("Designating Party") to be or contain Confidential Information shall be so designated by stamping copies of the document produced to a party with one of the following legends: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and/or "CONFIDENTIAL."

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. If such designation is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

not feasible (e.g. in the case of certain electronic documents), then such designation may be made by informing the other parties in writing.

4. The designation of any material as "CONFIDENTIAL" pursuant to this Order shall constitute the verification of counsel for the producing party or non-party that the material constitutes Confidential information as defined in Paragraph 2 of this Order.

5. Documents produced by a Designating Party and as confidential under this Order (hereinafter "Confidential Material") may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

   a. The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; excluding putative class members not named as plaintiffs in the putative class litigation unless and until one or more classes have been certified.

   b. Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsels' law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

   c. The Court and any person employed or retained by the Court whose duties require access to confidential material;

   d. Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

   e. Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

   f. Actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

   g. Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

   h. Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

   i. Such other persons as may be designated by written agreement of Counsel or by order of the Court.

  6. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Exhibit A, attached hereto.  Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order.  Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 5(e) through 5(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements.

  7. No Party may file in the public record in this action any Confidential Material without taking appropriate action to insure that the documents receive proper protection from public disclosure, including (1) filing a redacted document with written permission from the Designating Party; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for an *in camera* review;  (3) seeking a court order secured after appropriate notice to all interested persons, or (4) where the preceding measures are not adequate, filing the Confidential Material under seal in compliance with Civil Local Rule 39-141.   All papers that refer

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-102417488.1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION

PDF created with pdfFactory trial version www.pdffactory.com

to or rely upon any such Confidential Material shall designate the particular aspects of the papers that are confidential.

8.   If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the Designating Party that produced the Confidential Material of the disclosure.

9.   Confidential Information or information derived therefrom may be used by the Receiving Party solely for purposes of the Action.  Confidential Information or information derived therefrom may not be used for any other purpose.  In addition, nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process.  If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order. Notwithstanding the foregoing, nothing herein shall prohibit the Receiving Party from disclosing any of the Confidential Information to any bank regulators.

10.  Counsel for any deponent, party or non-party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential.  The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page.  Failure of Counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

the exhibits as confidential within 30 (thirty) days after receipt of the transcript.  Until Counsel for the deponent, party or non-party designates the transcript or exhibits as confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

11. No one may attend the portions of depositions or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than those persons designated in Paragraph 5 and outside counsel for any non-party deponent (who shall first sign the Confidentiality Agreement).

12. A party or other person objecting to designation of any document(s) or material(s) as Confidential Material shall provide written notice of the objection to Counsel for the Designating Party, specifying the document(s) or material(s) that are the subject of the objection.  Upon receipt of the written objection, counsel for the Designating Party shall, within twenty (20) days, provide a written response to the objecting party explaining the basis for the designation as Confidential Material; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential without a court order.  The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection and any response by the Designating Party.  If the objecting party or person and the Designating Party are unable to resolve the issue, the Designating Party, within twenty (20) days after serving its written response to the objection notification, may file a motion with the Court to continue the designation of the document(s) or material(s) as "Confidential Material."  In deciding such a motion, the Court shall make an independent determination as to whether or not the document(s) or material(s) are Confidential and are entitled to protection under applicable law.  If the Designating Party does not file a motion seeking to maintain the "Confidential Designation" within twenty (20) days after serving its written response to the objection to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer confidential.

13. If any Confidential Material is inadvertently provided to a discovering party without being marked as confidential in accordance with this Order, the producing party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

deemed a waiver of its confidentiality.  Until the material is designated as confidential by the Designating Party, however, the discovering party shall be entitled to treat the material as non-confidential.

14.   If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the producing party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Within five (5) days of receiving such notification, and in compliance with the receiving parties' ethical obligations under the law, all receiving parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.  However, should a receiving party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the receiving party has already reviewed, the receiving party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted.  Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the receiving party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

15.   Within sixty (60) days of final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise) all materials produced by a party that contain Confidential Material, including all abstracts and summaries of such material, shall be destroyed or returned to Counsel for the Designating Party.  Such destroyed or returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof.  Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-102417488.1

PDF created with pdfFactory trial version www.pdffactory.com

16. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

18. Any party may seek an amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 2 before production of any such documents and information. The parties agree to meet and confer in good faith and attempt to reach agreement on any request by a party to designate such additional categories of confidential documents or information.

DATED: November 19, 2009.

              REED SMITH LLP

              By / s / Heather B. Hoesterey
                David C. Powell
                Heather B. Hoesterey
                Attorneys for Defendant
                Harley-Davidson Credit Corp.

DATED: November 11, 2009.    WILLIAM M. KRIEG & ASSOCIATES

              By / s / William M. Krieg
                William M. Krieg
                Attorneys for Plaintiff and the proposed class

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com

IT IS SO ORDERED:

Dated: November 19, 2009         /s/ OLIVER W. WANGER
                                 Honorable Oliver W. Wanger

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-102417488.1

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I have been designated by [PARTY NAME] as a person who may have access to Confidential Information as that term is defined in the STIPULATION AND [PROPOSED] PROTECTIVE ORDER ("Order") entered in the matter of *MORA v. HARLEY-DAVIDSON CREDIT CORP.,* United States District Court for the Eastern District of California case number No.: 1:08-CV-01453-OWW-GSA.

I certify that I have read and am fully familiar with the terms of the Order. I agree to be bound by the Order and to fully comply with the Order. I consent to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of any action to enforce the Order.

I declare under penalty of perjury of the State of California that the foregoing is true and correct and that this Confidentiality Agreement was executed on this ____ day of _____, _____ in _____.

Signature:    _____

Print Name:   _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PDF created with pdfFactory trial version www.pdffactory.com