```
 1
 2
 3
 4
 5
 6                    UNITED STATES DISTRICT COURT
 7                   EASTERN DISTRICT OF CALIFORNIA
 8
 9  LUIS MANUEL MORA, individually )  1:08-cv-1453 OWW GSA
    and on behalf of the class,    )
10                                 )  SECOND SCHEDULING
              Plaintiff,           )  CONFERENCE ORDER
11                                 )
         v.                        )  Defendant's X-MSJ Filing
12                                 )  Deadline: 5/3/10
    HARLEY-DAVIDSON CREDIT CORP., a)
13  corporation; and DOES 1 through)  Plaintiff's Opposition and
    10, inclusive,                 )  its X-MSJ Filing Deadline:
14                                 )  6/4/10
              Defendants.          )
15                                 )  Defendant's Reply re its X-
    _____)  MSJ Filing Deadline:
16                                    6/21/10
17                                    Defendant's Opposition to
                                      Plaintiff's X-MSJ Filing
18                                    Deadline: 7/6/10
19                                    Plaintiff's Reply to its X-
                                      MSJ Filing Deadline:
20                                    7/23/10
21                                    Hearing Date for X-MSJ:
                                      8/16/10 10:00 Ctrm. 3
22
23
24  I.   Date of Scheduling Conference.
25       February 11, 2010.
26  II.  Appearances Of Counsel.
27       Kemnitzer, Barron & Krieg, LLP by William M. Krieg, Esq.,
28  and Patrick C. McManaman, Esq., appeared on behalf of Plaintiff.
```

1

Reed Smith LLP by Heather B. Hoesterey, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

<u>Plaintiff's Position</u>.

1. This case involves Plaintiff's purchase of a 2006 Harley-Davidson motorcycle on October 4, 2006. It is undisputed that during the course of Plaintiff's purchase transaction, Plaintiff dealt only with the selling dealer, (Golden Valley Harley Davidson, "Golden Valley," an authorized Harley-Davidson dealer) regarding the purchase and finance of the vehicle. Under that contract, Golden Valley arranged financing for the purchase of Plaintiff's motorcycle through HDCC. Plaintiff alleges that the motorcycle was defective and unrepaired after a reasonable number of repair attempts. Plaintiff voluntarily surrendered the motorcycle to HDCC in about August 2007.

2. California's Rees-Levering Automobile Sales Finance Act, Civ. Code §§ 2981, et seq. ("ASFA") requires lenders such as HDCC to provide a "notice of intent to dispose of a repossessed vehicle ("Notice") before it sells or otherwise disposes of a repossessed or surrendered vehicle. Civ. Code § 2983.2. If the lender fails to give a legally compliant notice, it loses its right to any "deficiency," or money due from the buyer/debtor. On or about September 4, 2007, HDCC sent Plaintiff a Notice that failed to comply with ASFA and the applicable provisions of the California Commercial Code, which are incorporated by reference into ASFA's requirements. CC § 2983.8.

3. In his Complaint for Restitution and Damages, Plaintiff and the class allege Defendant violated Rees-Levering Automobile

Sales Finance Act, Civil Code §§ 2981 et seq. and Business and Professions Code §§ 17200, et seq. Plaintiff and the class seek restitution, damages, and such other legal and equitable relief as allowed by law, and attorney's fees and costs. As outlined in Plaintiff's complaint, Plaintiff is seeking to represent a class of persons that "consists of all persons from whom HDCC and its associates, affiliates, and subsidiaries claims it is owed a deficiency that was invalid due to HDCC's defective NOTICES(S) and its failure to comply with the notice requirements of Rees-Levering." Complaint 4, ¶ 14.

4. Defendant's initial discovery responses have identified and produced two separate "notices of intent" during the relevant period and additionally identified thousands of putative class members. Substantially more than $5 million in total deficiencies exist related to those motorcycles that were sold as a result of transactions accomplished at various California dealerships.

**Defendant's Position:**

1. Plaintiff did not purchase the motorcycle pursuant to a conditional sales contract, rather, Plaintiff financed his motorcycle purchase by obtaining a direct loan from HDCC's subsidiary, Eaglemark Savings Bank ("ESB") and ESB assigned its rights to HDCC. Plaintiff surrendered the motorcycle and HDCC provided Plaintiff with a Notice of Intent to Dispose of Repossessed Collateral ("Notice"). After the sale of the motorcycle, HDCC attempted to collect from Plaintiff, but Plaintiff failed to pay the remaining deficiency due on the loan. HDCC has filed an answer and affirmative defenses to Plaintiff's

3

Complaint.  In relevant part, HDCC denies that the Notice provided to Plaintiff failed to comply with applicable law and denies that Plaintiff's claims are appropriate for class treatment.

IV. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. §§ 1332, 1441 and 1446.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    For the supplemental claims, the substantive law of the State of California provides the rule of decision.

    B.    Contested.

        1.    All remaining legal issues are disputed.

V. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VI. Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

VII. Discovery Plan and Cut-Off Date.

    A.    Rule 26(f)(1): Changes to Rule 26(a) disclosures.

        1.    The parties believe that no changes to the requirements of Rule 26(a) are needed.  Rule 26(a)(1) initial

disclosures were completed on August 14, 2009.  The parties will further supplement the respective witnesses and documents pursuant to Rule 26 as discovery continues.

  B. Rule 26(f)(2):

    1. Subject on Which Discovery May be Needed.

      a. The Complaint for Restitution and Damages contains two causes of action against Defendant Harley-Davidson Credit Corp.  The first cause of action alleges violation of the Rees-Levering Automobile Sales Finance Act, the second cause of action alleges violations of Business and Professions Code § 17200, et seq.  Both causes of action are based upon Plaintiff's allegations that HDCC's notice of intent to dispose of a repossessed vehicle ("NOTICE") failed to comply with Civ. Code § 2983.2.

    2. Progress of Court Ordered Discovery.

      a. Plaintiff propounded discovery (special interrogatories and production requests) on August 20, 2009 and granted Defendant's initial request for an extension to respond. On October 6, 2009, Defendant provided partial responses and its objections which included objections involving confidentiality and trade secret.  Given Defendant's objections, Plaintiff stipulated to Defendant's request for a protective order which Defendant filed on November 19, 2009.  Following an extensive meet and confer process, Plaintiff received Defendant's supplemental responses pursuant to the protective order, on January 6, 2010.  Based on these responses, Plaintiff filed a Notice of Motion to Compel on January 21, 2010, setting a hearing on the motion for February 19, 2010.  On February 2, 2010, as a

result of Defendant providing additional supplemental responses, Plaintiff withdrew the Motion. Plaintiff is scheduled to take the depositions of Defendant's employees on March 9-10, 2010.

        3.    Further Planned Discovery.

            a.    Plaintiff's Position: Plaintiff's depositions of Defendant's employees on March 9-10, 2010, are conducted as part of the Court ordered initial discovery and will address issues relevant to class certification in accordance with the Order. Plaintiffs anticipate additional discovery will be required regarding the alleged defective NOTICE, Plaintiff's purchase transaction, the loan, Plaintiff's surrender of the motorcycle, communications between Plaintiff and HDCC, and Plaintiff's account. The discovery remaining will consist of document requests, special interrogatories, request for admissions, as well as deposition of Plaintiff, third party percipient witnesses, employees of Defendant HDCC, and experts.

            b.    Defendant's Position: Pursuant to this Court's initial Scheduling Order, Plaintiff has conducted initial discovery regarding the forms of Notices of Intent provided to putative class members during the class period and the size of the alleged class. Defendant requests that discovery remain bifurcated so discovery on the issue of liability continues and asserts no further discovery should be exchanged at this time on the issue of class certification. Defendant anticipates additional discovery will be required regarding the Plaintiff's purchase transaction, the surrender of the motorcycle, Plaintiff's receipt of the Notice, communications between HDCC and Plaintiff and the alleged basis for Plaintiff's claims,

including written discovery and deposition discovery, including the deposition of Plaintiff. There may be third party and expert discovery.

   4. Discovery Cut-Off and Expert Disclosures.

      a. The parties propose a discovery (includes both written discovery and deposition testimony) cut-off date of November 15, 2010.

      b. The parties propose initial expert disclosures pursuant to Rule 26(a)(C)(i) be made by February 1, 2011.

      c. The parties will exchange any and all expert writings or reports on or before February 1, 2011.

      d. The parties propose rebuttal expert designations be made 30 days after the exchange of expert reports according to Rule 26(a)(2)(C)(ii).

      e. The parties propose that all Non-Dispositive Pre-Trial Motions, including any discovery motions will be filed before November 26, 2010.

      f. The parties propose that all Dispositive Pre-Trial Motions are to be filed no later than December 16, 2010.

   5. Whether Discovery Should be Conducted in Phases.

      a. Plaintiff's position: Plaintiff intends to complete depositions on March 9-10, 2010. In keeping with the Court's July 31, 2009 Order, the depositions will include issues relevant to class certification. Upon completion of this initial phase of discovery, Plaintiff intends to make his motion for class certification. Subsequent to the completion of these scheduled depositions, Plaintiff requests that discovery continue

in phases as follows: (a) written discovery; (b) oral depositions; and (c) inspections.

   b. Defendant's Position: Pursuant to this Court's initial Scheduling Order, Plaintiff has conducted initial discovery regarding the forms of Notices of Intent provided to putative class members during the class period and the size of the alleged class. Defendant requests that discovery remain bifurcated so discovery on the issue of liability continues and asserts no further discovery should be exchanged at this time on the issue of class certification.

  6. Whether Discovery Should be Focused on Any Issue.

   a. At this time, the parties do not believe any further focus or limitations on discovery beyond those provided for by the Court and pursuant to the Rules of Civil Procedure and relevant law are appropriate. The parties will continue to meet and confer and report to this Court if the parties determine any limitation is appropriate.

 C. Rule 26(f)(3): Changes to Limitations on Discovery.

  1. The parties agree that no changes to the limitations on discovery imposed under Rule 26(f)(3) are necessary.

 D. Rule 26(f)(4): Other Orders.

  1. Plaintiff's Position: Plaintiff will seek an order certifying the class at the completion of depositions of Defendant's employees, now scheduled for March 9 and 10 of 2010. The judicial principle of "one-way intervention" prohibits a determination of the merits as improper prior to a motion for class certification and notice to the class.

2. Defendant's Position: Plaintiff's complaint is based on the allegation that the Notice of Intent to "Dispose of Repossessed Collateral" sent to Plaintiff does not comply with the provisions of the California Automobile Sales Finance Act. Whether the form of Notice complies with the provisions of the ASFA is a matter of law. In the event the form of Notice sent to Plaintiff complied with the ASFA, Plaintiff does not have standing to pursue this alleged putative class action and is not a proper class representative pursuant to FRCP 23. Accordingly, Defendant believes the merits of Plaintiff's allegations are appropriate for determination at the summary judgment stage. Defendant proposes to bring a motion for summary judgment in June, 2010 and believes the issue of class certification should be reserved until after a determination of whether Plaintiff has alleged any claim which can withstand summary judgment.

3. This matter is appropriate for alternative dispute resolution pursuant to 28 U.S.C. § 651 in the form of mediation and Defendant requests that this Court issue an Order requiring the parties to complete ADR prior to May, 2010. A mediation on the liability issue prior to determination of whether the matter is appropriate for class treatment will promote judicial efficiencies and save expenses and the undue burden associated with class discovery.

E. Law and Motion.

1. Plaintiff Luis Mora anticipates the filing of a motion for class certification following the depositions of Defendant's employees, currently scheduled for March 9-10, 2010. Defendant HDCC may file a motion for summary judgment.

F. Possible Joinder of Additional Parties.
   1. The parties do not anticipate a joinder of additional parties but would like to conduct discovery for approximately 90 days before the time to add parties without requiring a motion to amend expires.
VIII. Cross-Motions for Summary Judgment.
   1. The Court has determined that, based on the representations of Defendant, an early proceeding to determine the legal sufficiency of the Notices in issue will serve the interests of economy of the parties, conservation of judicial resources, and reasonable expedition of the action.
   2. Cross-motions for summary judgment are scheduled as follows:
      a. Defendant's motion to be filed by May 3, 2010.
      b. Plaintiff's opposition and its cross-motion for summary judgment shall be filed by June 4, 2010.
      c. Defendant shall reply to the opposition to its motion for summary judgment by June 21, 2010.
      d. Defendant's opposition to Plaintiff's cross-motion is due July 6, 2010.
      e. Plaintiff's reply to Defendant's opposition to its cross-motion for summary judgment is due on July 23, 2010.
      f. The cross-motions for summary judgment shall be heard on August 16, 2010, at 10:00 a.m. in Courtroom 3.
      g. A Further Scheduling conference shall be held immediately following the disposition of the dispositive motions.
IX. Motions - Hard Copy.
   1. The parties shall submit one (1) courtesy paper copy to

the Court of any motions filed.  Exhibits thereto shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

X.   Compliance With Federal Procedure.

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XI.  Effect Of This Order.

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: February 11, 2010          /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE