**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUIS MANUAL MORA,** | 1:08-cv-01453-OWW-GSA |
| Plaintiff, | MEMORANDUM DECISION REGARDING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT (Docs. 45, 50) |
| v. | |
| **HARLEY-DAVIDSON CREDIT CORP,** | |
| Defendants. | |

## I. INTRODUCTION.

Plaintiff Luis Manual Mora ("Plaintiff") proceeds with an action for damages against Defendant Harley-Davidson Credit Corp. ("Defendant"). Defendant removed Plaintiff's action to federal court on September 26, 2008. (Doc. 1).

Defendant filed a motion for summary judgment on May 3, 2010. (Doc. 45). Plaintiff filed opposition to Defendant's motion for summary judgment on June 4, 2010. (Doc. 49). Defendant filed a reply to Plaintiff's opposition on June 21, 2010. (Doc. 52).

Plaintiff filed a motion for summary judgment on June 4, 2010. (Doc. 50). Defendant filed opposition to Plaintiff's motion on July 7, 2010. (Doc. 54). Defendant also filed objections in connection with its opposition to Plaintiff's motion for summary judgement (Docs. 53, 57), an additional statement of undisputed facts (Doc. 59), and a response to Plaintiff's statement of

undisputed facts (Doc. 58). Plaintiff filed a reply to Defendant's opposition on July 27, 2010. (Doc. 62).

## II. **FACTUAL BACKGROUND**.

On or about October 4, 2006, Plaintiff purchased a Harley-Davidson motorcycle from dealer Golden Valley Harley Davidson. (Defs. SUF No. 1). Plaintiff financed his purchase by obtaining a direct loan from lender ESB ("the Loan"). (Defs. SUF No. 2). Pursuant to the terms of the Loan, ESB, as lender, took a security interest in the Motorcycle, as collateral; ESB assigned its rights in Plaintiff's loan to Harley-Davidson Credit Company ("HDCC"). (Defs. SUF Nos. 3, 4).

In August 2007, Plaintiff surrendered the motorcycle to Golden Valley Harley-Davidson. (Defs. SUF 7.). On September 4, 2007, HDCC sent Plaintiff a Notice of Intent to Dispose of Repossessed Collateral and Extension Request ("NOI"). (Defs. SUF 9, 10). Plaintiff never submitted the extension form and did not redeem or reinstate the loan within the allowed time. (Defs. SUF No. 39).

On or about October 5, 2007, HDCC sold the Motorcycle at a private auction for a total of $4,315.00, including a $115.00 buyer fee. (Defs. SUF No. 40). Within 45 days of the date of sale, HDCC sent Plaintiff a Repossession and Accounting Statement ("Accounting") which, among other items, includes the gross proceeds of the disposition, the actual fees and the amount of any deficiency or surplus. (Defs. SUF Nos 41, 42). The Accounting sent to Plaintiff informed him of the actual fees on the Mora Loan in the amount of $439.80, which consisted of a $194.00 transportation fee, a $40.00 reconditioning fee, and a $205.80 sales commission. (Defs. SUF No. 43). The Accounting was sent with a letter that

informed Plaintiff that he was responsible for the payment of the $4,358.92 balance remaining on the Loan and that future debits, credits, charges, rebates and expenses may affect the amount of the deficiency. (Defs. SUF No. 44). Plaintiff did not pay the deficiency balance. (Defs. SUF No. 45).

### III. **LEGAL STANDARD**.

Summary judgment/adjudication is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted).

Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). With respect to an issue as to which the non-moving party will have the burden of proof, the movant "can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun*, 509 F.3d at 984.

When a motion for summary judgment is properly made and supported, the non-movant cannot defeat the motion by resting upon

**3**

the allegations or denials of its own pleading, rather the "non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Soremekun*, 509 F.3d at 984. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). "[A] non-movant must show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in his favor." Id. (emphasis in original). "[S]ummary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute exists, a district court does not make credibility determinations; rather, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

### IV. DISCUSSION.

**A. Plaintiff's Claim for Violation of the Rees-Levering Automobile Sales Finance Act (Cal. Civ. Code § 2981 *et seq*.)**[1]

The complaint alleges that Defendant violated sections 2983.2, 2983.3, and 2983.8 of the Rees-Levering Automobile Sales Finance Act ("ASFA"). (Complaint at 6) (referencing Cal. Civ. Code § 2981 *et seq*.). Both parties move for summary judgment on the critical

---

[1] As the court decides the parties' cross motions for summary judgement on this claim without reference to the sample notice provided by Plaintiff, Defendant's objections to the sample notice are moot. (Docs. 53, 57).

**4**

issue[2] of whether Defendant's NOI complied with the requirements of ASFA as set forth in section 2983.2(a), which provides in part:

> Except where the motor vehicle has been seized as described in paragraph (6) of subdivision (b) of Section 2983.3, any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, at least 15 days' written notice of intent to dispose of a repossessed or surrendered motor vehicle shall be given to all persons liable on the contract. The notice shall be personally served or shall be sent by certified mail, return receipt requested, or first-class mail, postage prepaid, directed to the last known address of the persons liable on the contract. If those persons are married to each other, and, according to the most recent records of the seller or holder of the contract, reside at the same address, one notice addressed to both persons at that address is sufficient. Except as otherwise provided in Section 2983.8, those persons shall be liable for any deficiency after disposition of the repossessed or surrendered motor vehicle only if the notice prescribed by this section is given within 60 days of repossession or surrender and does all of the following:
>
> (1) Sets forth that those persons shall have a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of giving or mailing the notice and provides an itemization of the contract balance and of any delinquency, collection or repossession costs and fees and sets forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice.
>
> (2) States either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provides a statement of reasons therefor.
>
> (3) States that, upon written request, the seller or holder shall extend for an additional 10 days the redemption period or, if entitled to the conditional right of reinstatement, both the redemption and reinstatement periods. The seller or holder shall provide

---

[2] Pursuant to the court's February 12, 2010 scheduling order, the parties' motions are limited to the issue of whether the NOI complied with AFSA. (Doc. 44). Whether Defendant is actually subject to AFSA entails factual disputes not at issue in this motion.

the proper form for applying for the extensions with the substance of the form being limited to the extension request, spaces for the requesting party to sign and date the form, and instructions that it must be personally served or sent by certified or registered mail, return receipt requested, to a person or office and address designated by the seller or holder and received before the expiration of the initial redemption and reinstatement periods.

(4) Discloses the place at which the motor vehicle will be returned to those persons upon redemption or reinstatement.

(5) Designates the name and address of the person or office to whom payment shall be made.

(6) States the seller's or holder's intent to dispose of the motor vehicle upon the expiration of 15 days from the date of giving or mailing the notice, or if by mail and either the place of deposit in the mail or the place of address is outside of this state, the period shall be 20 days instead of 15 days, and further, that upon written request to extend the redemption period and any applicable reinstatement period for 10 days, the seller or holder shall without further notice extend the period accordingly.

(7) Informs those persons that upon written request, the seller or holder will furnish a written accounting regarding the disposition of the motor vehicle as provided for in subdivision (b). The seller or holder shall advise them that this request must be personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to a person or office and address designated by the seller or holder.

(8) Includes notice, in at least 10-point bold type if the notice is printed, reading as follows: "NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE."

(9) Informs those persons that upon the disposition of the motor vehicle, they will be liable for the deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to Section 3289 if there is no contract rate of interest, from the date of disposition of the motor vehicle to the date of entry of judgment.

Cal. Civ. Code § 2983.2.

///

6

Plaintiff contends that the NOI provided by Defendant was deficient for numerous reasons. Because ASFA requires that a notice comply with each of the nine criteria set forth in section 2983.2(a), Defendant's failure to comply any one of section 2983.2(a)'s subparts renders the notice deficient. *See* Cal. Civ. Code § 2983.2(a) (debtor liable for deficiency after disposition "*only* if the notice prescribed by this section...does *all* of the following...") (emphasis added).

The parties advance conflicting positions regarding the quantum of compliance required by ASFA. Plaintiff contends that ASFA requires "strict compliance." (Doc. 50, Plaintiff's MSJ at 7) (citing *Bank of America v. Lallana*, 19 Cal. 4th 203, 215 (Cal. 1998)). Defendant contends that "substantial compliance" is sufficient under ASFA. Assuming *arguendo* that only substantial compliance is required by ASFA, Defendant's NOI was deficient.

### 1. Section 2983.2(a)(2)

Plaintiff contends that Defendant's NOI was deficient, *inter alia*, because the notice failed to state the actual amount Plaintiff was required to pay to effect reinstatement as required by section 2983.2(a)(2); specifically, Plaintiff points out that the NOI did not include the actual amount of fees owed in connection with "repossession fees." Defendant contends that the NOI complied with section 2983.2(a)(2) because the NOI provided Plaintiff with an estimate of repossession fees.

There is currently no California Supreme Court opinion interpreting the ambiguous language contained in section 2983.2(a)(2). *See Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 903 (Cal. Ct. App. 2007) *petition for review and*

**7**

*depublication denied at* 2007 Cal. LEXIS 10705 (Cal. 2007) (holding that the phrase "all conditions precedent" contained in section 2983.2(a)(2) is ambiguous); *see also Arguelles-Romero v. Superior Court*, 184 Cal. App. 4th 825, 830 (Cal. Ct. App. 2010) (citing *Juarez* as the definitive California case law interpreting section 2983.2(a)(2)); *Salenga v. Mitsubishi Motors Credit of America, Inc.*, 183 Cal. App. 4th 986, 999 (Cal. Ct. App. 4th 2010) (same). The construction of section 2983.2(a)(2) set forth in the decisions of the California Court of Appeal guide analysis of Plaintiff's claim. *E.g. Batlan v. Bledsoe*, 569 F.3d 1106, 1110 (9th Cir. 2009) ("In the absence of a pronouncement by the highest court of a state, [federal courts] must follow the decision[s] of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently").

*Juarez* provides a careful and comprehensive statutory construction of section 2983.2(a)(2). *See Juarez*, 152 Cal. App. 4th at 899-906) (applying cannons of statutory construction). In *Juarez*, the California Court of Appeal confronted the issue of "whether an NOI must state the specific amount a buyer must pay for reinstatement in order to comply with section 2983.2, subdivision (a)(2)"; the Court answered the question presented in the affirmative:

> Reading the phrase "all the conditions precedent" in subdivision (a)(2) of section 2983.2 in the context of the overall statutory scheme, and considering the Legislature's purpose in enacting Rees-Levering, it seems clear that the Legislature intended that the NOI provide a level of specificity as to the conditions precedent to reinstatement sufficient to inform the buyer—without need for further inquiry—as to exactly what the buyer must do to cure the default. *Thus, the statute requires that a*

1   *creditor inform the consumer of any amounts the buyer*
2   *must pay to the creditor and/or to third parties, and provide the buyer with the names and addresses of those*
3   *who are to be paid*...If the creditor does not provide the defaulting buyer with this information, the creditor has
4   not informed the defaulting buyer of "all the conditions precedent" to reinstatement of the contract.

*Id*. at 904-905 (emphasis added).  Two cases decided by the California Court of Appeal this year confirm *Juarez*'s holding that a NOI must state "the amounts due, to whom they are due, the addresses and/or contact information for those parties." *Arguelles-Romero*, 184 Cal. App. at 830; *Salenga*, 183 Cal. App. 4th at 999 (same).

The fact that a debtor owes fees to one or more third parties does not excuse a creditor from its' obligation to state the specific amounts a buyer must pay for reinstatement in a NOI. *See Juarez,* 152 Cal. App. 4th at 908-09; *see also Arguelles-Romero*, 184 Cal. App. at 830 (notice must state "the amounts due, to whom they are due, the addresses and/or contact information for those parties"); *Salenga*, 183 Cal. App. 4th at 999 (Cal. Ct. App. 4th 2010) (same).  Section 2983.2 requires a creditor to provide all information it knows, reasonably should know, or has the ability to discern regarding the amounts a debtor must pay to third parties. *Juarez*, 152 Cal. App. 4th at 909.

**2. Defendant's NOI**

It is undisputed that the NOI Defendant sent to Plaintiff did not contain the actual amounts Plaintiff owed for repossession fees or law enforcement fees. (*See* Doc. 56, Acosta Dec., Ex. D).  It is also beyond depute that Defendant's NOI did not provide Plaintiff notice of the parties to whom such repossession and law enforcement fees were due. (*See* id.).  Accordingly, Defendant's NOI was

9

deficient in material respects, as it failed to state the amounts due, to whom they were due, the addresses and/or contact information for those parties. *Juarez*, 152 Cal. App. 4th at 908-09. The NOI did not provide Plaintiff with sufficient information to allow him to fulfill all of the conditions precedent to reinstatement "without need for further inquiry" as required by section 2983.2(a)(2). *Juarez*, 152 Cal. App. 4th at 904-05. Instead, the NOI merely listed general prerequisites to reinstatement and placed the burden of further investigation on Plaintiff; placing this burden on Plaintiff frustrated the purpose of the notice requirement embodied in section 2983.2(a)(2). *Id*. at 905 ("The burden that Arcadia's NOI places on the buyer makes it more difficult for a buyer to exercise the right to reinstate, and reduces the amount of time the consumer has to fulfill the conditions by requiring that the consumer spend time tracking down the relevant information...it would be unreasonable to conclude that the Legislature intended that such a burden be placed on buyers").

Here, as in *Juarez*, Plaintiff could not exercise his right to reinstatement without conducting an independent inquiry to determine the amounts owed for any repossession fees and law enforcement fees. Further, because the NOI did not provide any contact information for the entities to whom Plaintiff might owe such fees, Plaintiff's ability to comply with the reinstatement conditions was entirely dependant on Defendant's cooperation. As the California Court of Appeal reasoned in *Juarez*:

> If general information were all that is required under section 2983.2, subdivision (b), then a buyer would never have the right to be told precisely how much he or she

**10**

      must pay in order to reinstate the contract. Without this specific information, a buyer would not be able to exercise the right of reinstatement...[and] the defaulting buyer's ability to reinstate is left to the discretion of the creditor, who will be in the position of deciding whether to provide a buyer the specific information necessary to allow him or her to reinstate. Such a result would clearly conflict with the statutory scheme as a whole. It would be unreasonable to conclude that the Legislature intended that buyers  not be provided sufficient information to be able to exercise their rights under the statute. Since section 2983.2, subdivision (a)(2) is the only provision that requires creditors to provide information to the buyer, the most reasonable interpretation of that provision is that it requires creditors to provide notice sufficient to allow the buyer to exercise the right to reinstate.

*Id*. at 907.

Defendant contends that because it did not know, and could not reasonably ascertain, the amount of fees Plaintiff owed to third parties at the time it sent Plaintiff the NOI, the estimate of repossession fees provided in its NOI was sufficient to meet section 2983.2(a)(2)'s requirements as stated in *Juarez*. (Doc. 54, Def. Opp. To MSJ at 12-14). Defendant's argument is belied by the record. Monica Acosta, a Manager in Defendant's loss mitigation and servicing department, stated that Defendant can obtain the actual amounts of repossession fees by placing a phone call to the relevant entity. (Doc. 46, Acosta Dec. at ¶ 18; Acosta Deposition Trans. at 57-58, 73-74). Ray Kunz, a re-marketing representative employed by Defendant, also stated that when a debtor responded to an NOI by calling Defendant to ascertain the exact amounts due for repossession fees, Defendant would place the debtor on hold, call the relevant entity in possession of the information, and obtain the exact amount of repossession fees owed. (Kunz Dep. Trans. at 71-72).

///

Defendant's ability the ascertain the exact amounts due for repossession and law enforcement fees by placing a few phone calls distinguishes Defendant's situation from the hypothetical situations contemplated in *Juarez,* where the debtor is in a best position to obtain the relevant information:

> We acknowledge that there may be instances in which the creditor does not possess information about the amount a buyer must pay to a third party in order to satisfy a condition precedent to reinstatement [such as situations in which the default arises as a result of the buyer's failure to keep the car free from encumbrances and liens, or as a result of the buyer's failure to maintain insurance for the car]. However, the fact that there may be some instances in which the creditor does not know the amount the defaulting buyer must pay to another party does not mean that creditors need not provide information about the amounts owed to the creditor or to third parties when the creditor does (or reasonably should) know those amounts. The creditor must provide the buyer with all of the relevant information it possesses and/or information it has the ability to discern, concerning precisely what the buyer must do to reinstate his or her contract.

*Id.* at 908-09.

Defendant contends that provision of estimates in an NOI is contemplated by section 2983.2. Defendant points to language contained in section 2983.2(a)(1) which states that a notice must provide:

> an itemization of the contract balance and of any delinquency, collection or repossession costs and fees and sets forth the computation *or estimate* of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice.

Cal. Civ. Code 2983.2(a)(1) (emphasis added). Defendant's argument is untenable.

First, section 2983.2(a)(1) imposes more stringent notice requirements for repossession costs and fees than for credits for unearned finance charges or canceled insurance; subsection (a)(1)

**12**

requires "itemization" of repossession costs but permits "computation *or estimate*" of the amount of credits for unearned finance charges or canceled insurance. *Id*. Contrary to Defendant's argument, the plain language of section 2983.2(a)(1) suggests that the Legislature placed special importance on disclosure of actual repossession fees in an NOI. Second, section 2983.2(a)(1) concerns a debtor's right to redemption, while section 2983.2(a)(2) concerns the debtor's right to reinstatement. *Juarez* expressly distinguished sections (a)(1) and (a)(2) and rejected the argument that the notice requirements of subsection (a)(2) should be construed in light of the language contained in subsection (a)(1). 152 Cal. App. 4th at 909-910 ("The difference in the wording used [in subsections (a)(1) and (a)(2)] is a function of the fact that these sections describe very different things.").

Finally, assuming *arguendo* that, in some rare situations, estimates of repossession costs may be sufficient to comply with section 2983.2(a)(2) where the creditor cannot reasonably obtain the actual amounts owed, it is axiomatic that in such situations, the estimates must be reasonable. An unreasonable estimate which bears no relation to the actual fees a debtor must pay in order to effect reinstatement is precisely the type of "meaningless information" that impedes the debtor's ability to exercise her rights under ASFA. *See id*. at 905. Here, Defendant's NOI indicated estimated repossession costs of six-hundred dollars, when in fact, the actual amount of repossession costs Plaintiff would have had to pay to reinstate his contract as of the date of the NOI would have been zero dollars. A cursory investigation by Defendant of information entirely within its control would have revealed that

**13**

Plaintiff surrendered his motorcycle to the dealership, a fact that put Defendant on notice that a repossession cost estimate of six-hundred dollars was inaccurate as to Plaintiff.[3]

According to Ms. Acosta's deposition, when a vehicle was actually repossessed by a repossession agent, the repossession agent would send a "Condition Report" to Defendant's office. (Acosta Deposition Trans. at 42-43). By contrast, when a vehicle was surrendered to a dealer, no Condition Report was generated. (Id.). The absence of a Condition Report regarding Plaintiff's vehicle put Defendant on notice that Plaintiff's vehicle was not repossessed by a repossession agent, and thus that the six-hundred dollar estimate included in the NOI was erroneous. (*See* id.).

At the time Defendant sent its NOI, Defendant should have known that the NOI did not provide a reasonable estimate of the repossession costs applicable to Plaintiff. The estimate provided in Defendant's NOI was not only six-hundred dollars too high, it also had the effect of inflating the reinstatement payment amount by almost three-hundred percent. The purposes underlying section 2983.2(a)(2)'s notice requirement are thwarted by estimates that, in addition to bearing no relationship to the actual amounts owed, inflate the reinstatement payment amount significantly and thereby discourage a debtor from exercising their right to reinstatement.

Defendant's NOI failed to include the correct amount of repossession fees owed, failed to include the amount of law enforcement fees owed, failed to identify the third parties to whom such fees were owed, and failed to provide contact information such

---

[3] At oral argument, Defendant's counsel conceded that Defendant knew that Plaintiff's vehicle had been surrendered at the time Defendant sent the NOI.

third parties; all of this information is required by section 2983.2(a)(2). *Arguelles-Romero*, 184 Cal. App. at 830; *Salenga*, 183 Cal. App. 4th at 999. Plaintiff's request for summary judgment on his contention that Defendant's NOI was deficient is GRANTED.

**B. Plaintiff's UCL Claim**

Plaintiff's UCL claim is predicated on Defendant's alleged violation of ASFA. As a factual dispute exists regarding whether Defendant is subject to ASFA, neither party is entitled to summary judgment on Plaintiff's UCL claim at this time.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendant's motion for summary judgment is DENIED;

2) Plaintiff's motion for summary judgment on the limited issue of whether Defendant's NOI complied with ASFA is GRANTED;

3) Plaintiff's motion for summary judgment as to his UCL claim is DENIED; and

4) Plaintiff shall submit a form of order consistent with this Memorandum Decision within five (5) days of entry of this order.

IT IS SO ORDERED.

**Dated:   October 12, 2010**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE