IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUAL MORA, individually, and on behalf of the class,<br><br>　　　　　　Plaintiff,<br>　v.<br>HARLEY-DAVIDSON CREDIT CORPORATION, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | 1:08-cv-1453  AWI BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVE, AND LEAD COUNSEL<br><br>(Doc. No. 102) |

By notice filed on February 24, 2012, Plaintiff Luis Manual Mora ("Plaintiff") filed a motion to certify a putative class in this matter. See Doc. 84. Harley-Davidson Credit Corp., ("Harley") filed an opposition on March 16, 2012. See Doc. 92. Plaintiff filed his Reply Brief on March 23, 2012. See Doc. 100. The matter was referred to United States Magistrate Judge Barbara A. McAuliffe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Magistrate Judge heard oral arguments on the matter on March 30, 2012.

On April 9, 2012, the Magistrate Judge issued a Findings and Recommendations ("F&R") that recommended granting Plaintiff's motion for class certification. See Doc. 102. The F&R was served on the parties and contained notice that any objections to the F&R were to be filed within fifteen days of service of the Order. Harley filed objections to the F&R on April 27, 2012. See Doc. 104.

1   In the objections, Harley argues that the F&R is clearly erroneous for the following
2   reasons: (1) it failed to reflect the rigorous analysis required under Federal Rule of Civil
3   Procedure 23; (2) it erroneously concluded that Plaintiff was an adequate class representative; (3)
4   the presence of arbitration agreements and class action waivers in some of the unnamed class
5   members contractual agreements with Harley precludes certification; and (4) it certified a class
6   covering a period longer than the one proposed by Plaintiff.  In accordance with the provisions of
7   28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case and reviewed
8   Harley's objections.  See Doc. 104.

9   Harley's objections are largely reiterations of the arguments made to the Magistrate
10  Judge.  Contrary to Harley's objections, the Court agrees with the F&R that Plaintiff is an
11  adequate class representative, and the Court does not find that the F&R failed to reflect the
12  rigorous analysis required by Rule 23.  Further, the Court does not find the fact that some class
13  members may be subject to an arbitration agreement is grounds for rejecting the F&R – (1) it is
14  unknown how many class members are subject to the agreement; (2) it is unknown whether
15  Defendants will even attempt to enforce the arbitration provision; and (3) it is unknown why later
16  orders/proceedings, such as creating subclasses or excluding class members for example, would
17  be impractical or improper.  E.g. Coleman v. General Motors Acceptance Corp., 220 F.R.D. 64,
18  91 (M.D. Tenn. 2004).  As such, Harley's first three objections are overruled.

19  However, the Court agrees that the language of the class certification should be altered.
20  Plaintiff's motion sought to certify a class of individuals who received a Notice Of Intent To
21  Dispose Of Repossessed Collateral ("NOI") "since August 19, 2004." See Doc. No. 85 at 3:17-
22  21.  The language of Plaintiff's proposed certified class did not contain an express "end date" for
23  the class.  However, under the section of Plaintiff's motion entitled "During The Class Period
24  [Harley] Used Standardized NOI Forms That Suffer From The Same Legal Defects," the Plaintiff
25  explained:

> [Harley] admits that during the class period, from at least August 19, 2004 . . . to
> May 2011, it used either one of two nearly identical version of its standard form

NOI to class members. *Each member of the putative class received one of the two versions of the NOI.* The two versions are virtually the same and suffer from the same common defects.

Doc. No. 85 at 4:13-19 (emphasis added). Thus, by Plaintiff's admission, each member of the putative class received one of two NOI's, and those NOI's were used by Harley between August 2004 and May 2011 only. See id. The language of Plaintiff's proposed class certification was the language recommended in the F&R. That language will be altered so that it more clearly comports with Plaintiff's explanation and description of the class members. The class certification will be limited in time from August 19, 2004 to May 2011.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation filed April 9, 2012 (Doc. 102) is **ADOPTED** consistent with the above discussion;

2. Plaintiffs' Motion for Class Certification is GRANTED;

3. The Court certifies the following Class:

    All persons who purchased a motor vehicle in California that was subject to California's Rees-Levering Automobile Sales Finance Act, Cal. Civil Code § 2981, *et seq.*, whose vehicle was repossessed or voluntarily surrendered to Harley-Davidson Credit Corporation, or its agents, and to whom Harley-Davidson Credit Corporation sent a Notice of Intent to Dispose of Repossessed Collateral between August 19, 2004 and May 2011, and against whom Harley-Davidson Credit Corporation claimed a deficiency was owed.

4. Luis Manual Mora is appointed as Class representative; and

5. The law firm of Kemnizter, Barron & Krieg, LLP is appointed as Class counsel.

IT IS SO ORDERED.

Dated:   August 6, 2012

CHIEF UNITED STATES DISTRICT JUDGE