UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL MORA, individually, and on behalf of the class,<br><br>               Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON CREDIT CORP., a corporation; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No.: 1:08-CV-01453-AWI-BAM<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING ON THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

    Having reviewed the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 129), the Court requires additional briefing.  Specifically, the Court is concerned with the parties' request to narrow the scope of the already-certified Class.  Despite substantial briefing on Plaintiff's Motion for Class Certification (Doc. 85, 92, 100, 104), neither party argued that Class members subject to "pre-action judgments," defined as Class members whose rights have been determined by a judgment taken prior to the filing of this action, could not be included in the certified class.  This Court has serious concerns excluding these Class members at this late stage in the proceedings.

    Contrary to the parties' representation, the California Court of Appeals decision in *In re Fireside Bank Cases,* 187 Cal. App. 4th 1120 (Cal. App. 6th 2010) *is not controlling* authority

because California law is not at issue. Rather, the parties' motion concerns Federal Rule of Civil Procedure 23, and whether certain California-based affirmative defenses - namely, res judicata and collateral estoppel - should preclude the inclusion of some class members in a certified class. This Court has already held that "Rule 23 does not require that class certification be denied when a defendant may be able to assert unique defenses against putative class members." Doc. 102, 18: 25-26. Moreover, even if California law were at issue, a California Court of Appeal decision is not controlling authority for a federal court presiding over a diversity action. *Gravquick A/S v. Trimble Navigation Int'l, Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) ("In the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids.")

The parties have not provided any logical rationale for excluding those class members. For instance, while the parties seek to exclude class members who are subject to a judgment taken prior to the filing of this action, the parties provide no authority or argument for why this rationale would not apply to class members who were subject to judgments taken after the filing of the complaint and before class certification, or indeed, for class members who had judgments taken against them post-certification. As this Court has already noted, "until a class is certified and the opt-out period has expired, unnamed Class members are not parties to this action, and their claims are not at issue." Doc. 102, 22: 24-27.

Finally, the parties have not provided any information concerning the class members they now seek to exclude, e.g., the number of "pre-action judgment" class members or the amount of damages associated with those class members. The Court will not exclude these Class members' claims without understanding the scope of these claims.

The Court requires the parties submit a joint supplemental brief, not to exceed 10 pages in length, addressing these concerns no later than July 16, 2013, at 1:00 PM. Specifically, the supplemental brief shall provide basic information concerning the class members sought be excluded, e.g., the number of class members and the amount of their potential damages. The supplemental brief will also include a discussion as to why "pre-action judgment" class members

should now be excluded from the certified Class.  If so, the supplemental brief will also explain why any class member subject to a judgment, regardless of the time-frame, should be included in the Class.

IT IS SO ORDERED.

Dated:    **July 11, 2013**                         /s/ **Barbara A. McAuliffe**
                                                                          UNITED STATES MAGISTRATE JUDGE