UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL MORA, individually, and on behalf of the class,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON CREDIT CORP., a corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 1:08-CV-01453-BAM<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Final Approval hearing:<br>Dec. 13, 2012<br>Dept. 8 (BAM)<br>9:00 a.m. |

This matter is before the Court on the Motion of plaintiff Luis Manuel Mora ("Mora"), pursuant to Fed. R. Civ. P. 23(e) for an order granting preliminary approval of the settlement of this matter in accordance with the Settlement Agreement and Release dated June 5, 2013 (the "Agreement") (Doc. 129, Attach. 5).

The Agreement sets forth the terms and conditions for a proposed settlement of this lawsuit by and between defendant Harley Davidson Credit Corp. ("HDCC") and Mora, on his own behalf and on behalf of the Settlement Class and Settlement Sub-Class. Having read and considered the Agreement, as well as the proposed Class Notice, the memorandum in support of the motion and the Declarations of Luis Manuel Mora, William M. Krieg, Todd Hogue, and having heard the parties and given due consideration, the Court grants the motion for certification

1  of a class for settlement purposes only and for preliminary approval of this class-action

2  settlement.

3       IT IS THEREFORE ORDERED THAT:

4       1.    This Order incorporates by reference the definitions in the Agreement, and all

5  capitalized terms used in this Order will have the same meanings as set forth in the Agreement,

6  unless otherwise defined in this Order.[1]

7       2.    For settlement purposes only, the Court conditionally certifies the following

8  Settlement Class pursuant to Fed. R. Civ. P. 23(e):

> all persons who purchased a Motor Vehicle in California whose Motor Vehicle was repossessed or voluntarily surrendered to HDCC, or its agents, and to whom HDCC sent an NOI between August 19, 2004 and May 31, 2011, and against whom HDCC claimed a deficiency was owed.[2]

12       3.    For settlement purposes only, the Court conditionally certifies the following

13  Settlement Sub-Class pursuant to Fed. R. Civ. P. 23(e):

> All persons in the Settlement Class who signed Loan Agreements which contain arbitration clauses.

16       4.    The Court conditionally finds, solely for the purposes of this settlement, that: (a)

17  the Settlement Class is ascertainable and its members are so numerous that joinder of all

18  Settlement Class Members in the action is impracticable; (b) there are questions of law or fact

19  common to the Settlement Class for purposes of determining whether this settlement should be

20  approved; (c) the claims of Mora are typical of the claims of absent members of the Settlement

21  Class; (d) Mora and Class Counsel will fairly and adequately protect the interests of the

---

[1] This Order Granting Preliminary Approval of Class Action Settlement alters the Settlement Class as proposed in the Agreement in one significant respect. The Agreement and Motion For Preliminary Approval of Class Action Settlement proposed to narrow the certified Class by excluding borrowers subject to "Pre-Action Judgments," defined as Class members whose rights have been determined by a judgment taken prior to the filing of this action. Following oral argument, the parties agreed those class members would remain as Class Members included in this settlement. The parties further agreed that their Agreement would be amended to delete any reference to the exclusion of any Class Member.

[2] The Settlement Class defined in this Order is the Settlement Class approved by the Court. The proposed settlement class defined in the Agreement, which excluded borrowers subject to Pre-Action Judgments, should be amended to reflect the proper Class definition.

Settlement Class Members in connection with the proposed settlement and satisfy the requirements Fed. R. Civ. P. 23(e); (e) for purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this action as a class action.

5. Mora is hereby designated as representative of the conditionally certified Settlement Class and Settlement Sub-Class, and William M. Krieg of Kemnitzer, Barron & Krieg, LLP is appointed as Class Counsel.

6. The Court preliminarily finds that the settlement as set forth in the Agreement, as modified by this Order, is fair, reasonable and adequate and is within the range of possible approval. The Court further finds that there is sufficient basis for notifying the Settlement Class of the proposed settlement.

7. The Court hereby preliminarily approves the Agreement, as modified in this Order, subject to a hearing on the final approval of the settlement.

8. A Final Approval Hearing shall be held on December 13, 2013 at 9:00 a.m. before the Honorable Magistrate Judge Barbara A. McAuliffe in Courtroom 8 of the United States District Court, Eastern District of California, 2500 Tulare Street, Fresno, California 93721, to determine:

(a) whether the proposed settlement of this action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court and whether a judgment approving the settlement should be entered; and (b) whether and in what amount an award of attorneys' fees, costs and expenses should be made to Class Counsel and whether an incentive award should be awarded to Mora. Mora shall file his Motion for Final

3

Approval and all supporting papers not later than twenty-eight (28) days before the Final Approval Hearing. The Court expressly reserves its right to adjourn the Final Approval Hearing from time to time without further notice other than to counsel of record and to approve the proposed Agreement and applications for attorneys' fees, costs and expenses and incentive award at or after the originally scheduled Final Approval Hearing.

9. The Court approves, as to form and content, the Class Notice located at ECF No. 129, Attach. 6, subject to the following revisions:

    a. On page one of the Notice, under the heading "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT," the word "Depose" shall be replaced with the word "Dispose";

    b. On page three of the Notice, under the heading "How do I Exclude Myself From the Settlement?," the phrase "not later than [60 days after class notice is mailed]" shall be amended to state "October 31, 2013";

    c. On page four of the Notice, under the heading "Can I Object to the Settlement?," the phrase "on or before [60 days after class notice is mailed] shall be amended to state "October 31, 2013;" and

    d. On page four of the Notice, under the heading "Can I Object to the Settlement?," requirements five and six shall be deleted.

The Court further finds that mailing of the Class Notice to Settlement Class Members by the Class Administrator in the manner set forth in §§ 3.07 and 3.09 of the Agreement constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to all persons entitled thereto and meets the requirements of due process under California law and the United States Constitution.

10. The Parties are hereby authorized to retain KurtzmanCarson Consultants, 75 Rowland Way Suite 250, Novato, CA 94945, as Class Administrator to administer the notice procedures and process requests for exclusion and other aspects of this proposed settlement, as

set forth in the Agreement and the Class Notice.

11. Individuals in the Settlement Class wishing to exclude themselves from the settlement must mail a written request for exclusion to the Class Administrator, KurtzmanCarson Consultants, 75 Rowland Way Suite 250, Novato, CA 94945, by first class mail postmarked not later than October 31, 2013. Exclusion requests will not be valid if mailed to any other address. Each request for exclusion must: (1) be signed and dated; (2) include the Settlement Class Member's full name and address; and (3) include the following statement or a substantially similar statement: "I want to opt out of the settlement in *Luis Manuel Mora v. Harley-Davidson Credit Corp*." No request for exclusion will be valid unless all of the foregoing information is included. The Court will exclude from the settlement any individual in the Settlement Class who timely and properly requests exclusion. If there are two individuals in the Settlement Class on an account and only one submits a request for exclusion, Class Counsel and HDCC's Counsel will first meet and confer in a good faith attempt to agree on how to proceed with respect to the co-borrowers. In the event the dispute cannot be resolved informally between Class Counsel and HDCC's Counsel, the Class Administrator will resolve the dispute and such resolution shall be binding on the co-borrowers.

12. Any individual in the Settlement Class who has not timely and properly requested exclusion ("Settlement Class Members") may object to the fairness, reasonableness or adequacy of the settlement or any request for an award of attorneys' fees, costs and expenses or the incentive award. Settlement Class Members may do so either on their own or through counsel hired at their own expense. Any Settlement Class Member who wishes to assert an objection must file a written objection with the United States District Court, Eastern District of California, 2500 Tulare Street, Fresno, California 93721 on or before October 31, 2013, and mail a copy of the objection by first class mail to Class Administrator at the following address: Kurtzman Carson Consultants, 75 Rowland Way Suite 250, Novato, CA 94945. Each objection must include: (a) the name of the action, which is *Luis Manuel Mora v. Harley-Davidson Credit Corp* Case No. 1:08-CV-01453; (b) the Settlement Class Member's full name and address, telephone

number, and signature; (c) a written statement of the basis for the objection, together with any supporting evidence to be considered by the Court in support of the objection; (d) the identity of any counsel who represent the objector; and (e) a statement confirming whether or not the objector intends to personally appear and/or testify at the Final Approval Hearing. Any Settlement Class Member who does not submit an objection in the manner provided herein shall be deemed to have waived any objection to the settlement and shall forever be foreclosed from making any objection to certification of the Settlement Class, to the fairness, adequacy or reasonableness of the settlement and to any attorneys' fees, costs and expenses or incentive award approved by the Court. Nonetheless, the Court retains discretion to hear an objection based upon a showing of good cause.

13. Any Settlement Class Member who timely files and serves a written objection may also appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense. Settlement Class Members who intend to appear and be heard at the Final Approval Hearing in person or through counsel must state their intention to appear in their written objection. Any Settlement Class Member who does not timely file and serve a written objection and a notice of intention to appear shall not be permitted to object or be heard at the Final Approval Hearing or otherwise contest approval of the settlement or to appeal from any orders or judgments of the Court. Nonetheless, the Court retains discretion to hear an objection based upon a showing of good cause.

14. The parties shall file and serve responses to objections, if any, not later than seven (7) days before the Final Approval Hearing.

15. Settlement Class Members who have not requested exclusion may enter an appearance in this litigation through counsel of their own choice, at their own expense. If they do not enter such an appearance, they will be represented by Class Counsel.

16. If the Court finally approves this settlement, all Settlement Class Members (i.e., individuals in the Settlement Class who have not timely requested exclusion from the Settlement Class) shall be barred from asserting any Released Claims against the Released Parties, as

defined in the Agreement.

17. In the event the settlement is not finally approved by the Court, or for any reason the parties fail to obtain a Final Approval Order and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) the Agreement shall be null and void, and all parties shall return, without prejudice, to the status quo ante as of the date of the Agreement as if the Agreement had not been entered into; and

(b) any certification of the Settlement Class and/or Settlement Sub-Class will be void, no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action, and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of HDCC for the matters alleged in the Action or for any other purpose.

18. The parties shall make the corresponding revisions to the Notice;

19. All proceedings in the action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, neither Mora nor any individual in the Settlement Class, either directly, representatively or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

/././

**Summary of Applicable Dates**

| | | |
|---|---|---|
| 1. | Preliminary Order served on parties | August 9, 2013 |
| 2. | Notice to be sent by | September 13, 2013 |
| 3. | Motion for Attorneys' Fees and Costs filed by | November 15, 2013 |
| 4. | Motion for Final Approval filed by | November 15, 2013 |
| 5. | Exclusion from the class | October 31, 2013 |
| 6. | Objection to the settlement | October 31, 2013 |
| 7. | Responses to Objections | December 6, 2013 |
| 8. | Final Approval Hearing | December 13, 2013 |

IT IS SO ORDERED.

Dated:   August 8, 2013           /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE