UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL MORA, individually, and on behalf of the class, | Case No.: 1:08-CV-01453-BAM |
| Plaintiff, | **ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING AWARD OF ATTORNEYS' FEES, AND ORDERING DISTRIBUTION OF RESIDUE** |
| vs. | |
| HARLEY-DAVIDSON CREDIT CORP., a corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

On December 13, 2013, this Court held a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys Fees. (Doc. 137, 138, 140.) Counsel William Krieg appeared in person on behalf of Plaintiff Luis Manuel Mora and the preliminarily certified class ("Plaintiff"). Counsel Feather Baron appeared telephonically on behalf of Harley-Davidson Credit Corporation ("HDCC").

Having considered the briefs, arguments of counsel, and the entire record in this case, the Court finds that: (1) the Agreement is the product of good-faith arms' length negotiations among the parties, each of whom was represented by experienced counsel; (2) that the Agreement should be approved; (3) that there were no objections to the Agreement; and (4) that there is no just reason for delay of the entry of judgment. Accordingly, the Court directs entry of this Final

Approval Order and Final Judgment, which shall constitute a final adjudication of the class action.

Good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. For purposes of this Final Approval Order and Final Judgment, except as set forth herein, the Court adopts and incorporates the definitions in the Agreement. (Doc. 137, Attach. 5.)

2. The Court has jurisdiction over the subject matter of this litigation and over all parties to this action, including all Settlement Class Members.

3. With respect to the Settlement Class, the Court finds, solely for purposes of this settlement, that: (a) the Settlement Class is ascertainable and its members are so numerous that joinder of all Settlement Class Members in the action is impracticable; (b) there are questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved; (c) the claims of Mora are typical of the claims of absent members of the Settlement Class; (d) Mora and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members in connection with the proposed settlement and satisfied the requirements of Fed. R. Civ. P. 23(e); (e) for purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this action as a class action.

4. The Court finds that mailing of the Notice of Class Action Settlement in the manner provided in the Preliminary Approval Order fully and accurately informed all Settlement Class Members of all material elements of the proposed settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to all Settlement

Class Members and complies fully with the requirements of Federal law and the United States Constitution.

5.      The Court hereby finally approves the settlement of this action in accordance with the terms of the Agreement, finds that the settlement is fair, reasonable and adequate in all respects pursuant to Fed. R. Civ. P. 23(e) and orders the parties to consummate the Agreement in accordance with its terms.

6.      The following Settlement Class is hereby finally certified solely for settlement purposes under Fed. R. Civ. P. 23(e):

> All persons who purchased a Motor Vehicle in California whose Motor Vehicle was repossessed or voluntarily surrendered to HDCC, or its agents, and to whom HDCC sent an NOI between August 19, 2004 and May 31, 2011, and against whom HDCC claimed a deficiency was owed.

7.      The following Settlement Sub-Class is hereby finally certified solely for settlement purposes under Fed. R. Civ. P. 23(e):

> All persons in the Settlement Class who signed Loan Agreements which contain arbitration clauses.

8.      The Court orders the parties to the Agreement to perform their obligations thereunder in accordance with and subject to the terms of the Agreement.

(a)      Within ten (10) business days following the Effective Date, HDCC shall transfer the Settlement Fund to a non-interest bearing account held by the Class Administrator. Upon remittance to the Class Administrator, the HDCC shall have no further liability for payments to the Settlement Class or Settlement Sub-Class.

(b)      On or before the Distribution Date, the Class Administrator shall mail by first-class mail checks payable to Settlement Class Members in the manner and amounts set forth in the Agreement.

(c)      The Court approves an incentive award to Luis Manuel Mora in the amount of $5,000.

(d)     The Court approves an award to Class Counsel of attorneys' fees in the total amount of $645,000, plus $11,078.56 in costs. The Court finds that this award is appropriate given the contingent nature of this case, the novelty and difficulty of the questions involved, and the results obtained for the Settlement Class. There were no objections to Class Counsel's request for approval of attorneys' fees and expenses.

(e)     The HDCC shall pay the incentive award and award of fees, costs and expenses on or before the Distribution Date.

(f)     Any funds remaining in the Settlement Fund one hundred (100) days after the Distribution Date shall be distributed in accordance with § 5.05 of the Agreement. For purposes of the *cy pres* distribution, the Court approves the following as the designated recipients of the funds, to be shared proportionally as follows:

> Central California Legal Services, Inc.
>
> Court Appointed Special Advocates of Fresno County
>
> Court Appointed Special Advocates of Tulare County
>
> National Consumer Law Center—The California Consumer
>
> > Justice Initiative
>
> Community Housing Counsel of Fresno

(g)     The parties have agreed, and the Court hereby orders, that no Settlement Class Member has a vested interest in any amount to be paid to him or her under this Settlement unless and until he or she has cashed a settlement check. In addition, no Settlement Class Member has a vested interest in any portion of the Settlement Fund created pursuant to the Agreement.

9.      Pursuant to a timely filed request for exclusion, the following Settlement Class Members are excluded from the Settlement Class: Shirley M. Vale.

10.     No Settlement Class Member objected to the settlement.

11.     If the Effective Date does not occur for any reason whatsoever, this Final Approval Order and Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect. In such an event:

(a)     the Agreement shall be null and void, and all parties shall return, without prejudice, to the status quo ante as of the date of the Agreement as if the Agreement had not been entered into; and

(b)     the certification of the Settlement Class and Settlement Sub-Class will be void, no doctrine of waiver, estoppel or preclusion shall be asserted in any certification proceedings in the Action, and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of the HDCC for the matters alleged in the Action or for any other purpose.

12.     The Court hereby finds and orders the following:

(a)     Upon the Effective Date, the Settlement Class Members (except those who have obtained proper and timely exclusion from the Settlement Class), and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors in interest and assigns will be deemed to have fully released any all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that they have or may have against HDCC and any of its present and former officers, directors, attorneys, accountants, agents, representatives, employees, heirs, insurance carriers, predecessors, affiliates, agents, parents, subsidiaries and successors in interest arising out of any claims asserted on their behalf in the Action; this release includes, but is not limited to, any claims arising out of or related to HDCC's sending of NOIs, the content of the NOIs, the assertion of a deficiency balance following repossession or surrender, the collection or attempted collection of the deficiency balance, and the reporting to credit bureaus of the amounts remaining on the account after repossession or surrender. This release does not extend to any existing or future claims that may be asserted against the Class Administrator.

(b)     Upon the Effective Date, Mora and his heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns will be deemed to have fully released any and all claims, demands, or causes of action of any nature which he has, had, or may have against HDCC and any of its present and former officers, directors, attorneys, accountants, agents, representatives, employees, heirs, insurance carriers,

predecessors, affiliates, agents, parents, subsidiaries or successors in interest, without limitation.

(c)     The releases identified herein shall be referred to as the Released Claims, and the parties released shall be referred to as the Released Parties. The Released Claims specifically extend to claims that Mora and/or Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective and that are encompassed in this settlement. The foregoing releases constitute a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HERSETTLEMENT WITH THE DEBTOR.

Mora and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code § 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Mora and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

13.     Neither this Order nor the Settlement Agreement on which it is based are an admission or concession by any party of any fault, omission, liability, or wrongdoing. Notwithstanding the Settlement Agreement, HDCC denies the material allegations made in this Action and denies any and all liability with respect to any and all facts and claims alleged in the Action. This Order is not a finding of the validity or invalidity of any claims in this Action or a

determination of any wrongdoing by any party. The Final Approval of this settlement will not constitute any opinion or determination of this Court as to the merits of the claims or defenses of any party.

14.     Without affecting the finality of this Final Approval Order and Final Judgment, the Court retains jurisdiction over the parties to enforce the terms of the judgment until performance in full of the terms of the settlement. The Court finds that there is no just reason for delay and hereby directs the Clerk of the Court to enter this Final Approval Order and Final Judgment pursuant to Fed. R. Civ. P. 23(e).

IT IS SO ORDERED.

Dated:   __January 2, 2014__          _____ /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE