1  William M. Krieg (SBN 066485)
   Eric M. Kapigian (SBN 238733)
2  KEMNITZER, BARRON & KRIEG, LLP
   2014 Tulare Street, Suite 700
3  Fresno, CA 93721
   Telephone     (559)441-7485
4  Facsimile     (559)441-7488

5  Attorneys for LUIS MANUEL MORA,
   individually, and on behalf of the class
6
   David C. Powell (SBN 129781)
7  Email: dpowell@reedsmith.com
   Feather D. Baron (SBN 252489)
8  Email: fbaron@reedsmith.com
   REED SMITH LLP
9  101 Second Street, Suite 1800
   San Francisco, CA 94105
10 Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
11
   Attorneys for Defendant
12 HARLEY-DAVIDSON CREDIT CORP.

13
14                     UNITED STATES DISTRICT COURT

                        EASTERN DISTRICT OF CALIFORNIA
15

| 16 | LUIS MANUEL MORA, individually and on behalf of the class, | No.: 1:08-CV-01453-AWI-BAM |
|---|---|---|
| 17 | Plaintiff, | **STIPULATION TO MODIFY ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ORDER** |
| 18 | vs. | |
| 19 | HARLEY-DAVIDSON CREDIT CORP., a corporation; and DOES 1 through 10, inclusive, | |
| 20 | Defendants. | |

Plaintiff Luis Manuel Mora ("Plaintiff") and defendant Harley-Davidson Credit Corp. ("HDCC"), by and through their counsel of record, stipulate as follows:

1. On or about January 3, 2014, the Court entered an Order and Judgment Granting Final Approval of Class Action Settlement, Approving Award of Attorneys' Fees, and Ordering Distribution of Residue ("Order and Judgment"), which is marked "Document 141."

2. Upon receipt of the Order and Judgment, Kurtzman Carson Consultants ("KCC"), the approved class action administrator, advised the parties that requiring distribution of un-cashed settlement checks within one hundred (100) days after the Distribution Date, as reflected in Paragraph 8(f) of the Order and Judgment, poses an internal problem for KCC.

3. KCC explained that they typically do not stop payment on un-cashed settlement checks until a minimum of one week after the stale date passes. Reason being, if a class member cashes his or her check on the actual stale date, KCC needs to allow enough time for these funds to clear the account. If KCC stops the check prematurely, the check would be returned, the class member would incur bank fees and a check would have to be re-issued. This would delay the entire administration process.

4. KCC stated that it needs at least seven (7) business days to prepare a Final Accounting Report for the parties to review and approve. KCC added that it could issue *cy pres* checks within three (3) business days from the parties' approval of the Final Accounting Report.

5. Based on these facts, KCC recommended that it stop checks on June 2, 2014 and prepare and submit a Final Accounting Report to the parties on June 11, 2014. If approval is provided within three (3) business days, KCC would be able to issue the *cy pres* checks by June 19, 2014. This timeline would result in the issuance of *cy pres* checks one hundred and fifteen (115) days after the Distribution Date.

6. The parties stipulate and agree that modifying the Order and Judgment to allow KCC fifteen extra days to make *cy pres* distributions, if any, would be reasonable and justified under the circumstances. The parties further agree that the brief extension of time requested by KCC would not prejudice the parties, the Class, or any *cy pres* recipient designated in the Order and Judgment.

7. Accordingly, the parties stipulate and agree any funds remaining in the Settlement Fund shall be distributed by KCC in accordance with Paragraph 5.05 of the Agreement, however such distribution shall be made within one hundred and fifteen (115) days of the Distribution Date, rather than one hundred (100) days from that date.

Dated: January __, 2014                    KEMNITZER, BARRON & KRIEG, LLP


By: _____
     William M. Krieg
     Attorneys for Plaintiff Luis Manual Mora,
     individually, and on behalf of the class

Dated: January __, 2014                    REED SMITH LLP


By: _____
     Feather D. Baron
     Attorneys for Defendant Harley Davidson
     Credit Corp.

### ORDER

The parties having stipulated and good cause appearing therefore, IT IS HEREBY ORDERED that the phrase "one hundred (100) days" is hereby stricken from Paragraph 8(f) of the Order and Judgment and replaced with the phrase "one hundred and fifteen (115) days." All other terms of the Order and Judgment shall remain as set forth therein.
IT IS SO ORDERED.

   Dated:   **January 28, 2014**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE