William M. Krieg, SBN 066485
Eric M. Kapigian, SBN 238733
KEMNITZER, BARRON & KRIEG, LLP
2014 Tulare Street, Suite 700
Fresno, CA  93721
Telephone (559) 441-7485
Facsimile (559) 441-7488

Attorneys for LUIS MANUEL MORA, individually, and on behalf of the class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL MORA, individually, and on behalf of the class,<br><br>         Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON CREDIT CORP., a corporation; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 1:08-CV-01453-AWI-BAM<br><br>**STIPULATION AND ORDER TO MODIFY SETTLEMENT AGREEMENT AND RELEASE** |

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL AS FOLLOWS:

WHEREAS, the Settlement Agreement and Release herein dated June 5, 2013 ("Settlement Agreement")[1] states, in part, at Para 5.01.c.: "If there are two borrowers on an account, then the reimbursement shall be made payable jointly to all borrowers";

WHEREAS, after settlement checks were issued by the Class Administrator pursuant to the terms of the Settlement Agreement, the parties were advised that in some cases, one co-

---

[1] Unless otherwise specified, the capitalized terms used herein have the meaning set forth in the Settlement Agreement.

borrower listed as a payee on a jointly-issued check could not be located and therefore the other co-borrower who received the settlement check was unable negotiate it without the missing co-borrower's signature;

WHEREAS, under the Settlement Agreement, settlement checks that are not cashed by Settlement Class Members will be reissued to cy pres recipients in possible derogation of claiming co-borrowers' rights; and

WHEREAS, it appears fair and reasonable that claiming co-borrowers should not forfeit his or her right to settlement funds because his or her co-borrower cannot be located or because it is otherwise impractical or impossible to obtain his or her signature.

NOW THEREFORE, IT IS HEREBY STIPULATED that:

1. In the event a co-borrower in receipt of a check issued jointly pursuant to Paragraph 5.01.c. of the Settlement Agreement ("Claiming Co-Borrower") submits a complaint to the Class Administrator or Class Counsel on or before the date of this Stipulation asserting that the co-payee on the check cannot be located ("Missing Co-Borrower"), the Class Administrator shall, solely at the direction of Class Counsel, issue a new check made payable to the Claiming Co-Borrower alone, <u>provided</u> all the following conditions are first satisfied:

   a. Class Counsel receives from the Claiming Co-Borrower a signed statement (i) specifying the amount he or she paid to HDCC on his or her deficiency balance, and (ii) affirming that he or she made a diligent effort to locate the Missing Co-Borrower and obtain his or her signature on the jointly issued check;

   b. Class Counsel determines based on all available information, including the above-referenced statement from the Claiming Co-Borrower, that the Claiming Co-Borrower (i) made some or all the payments on his or her deficiency balance and is entitled to a refund of the full or partial amount claimed by the Claiming Co-Borrower, and (ii) made a diligent effort to locate the Missing Co-Borrower and obtain his or her signature on the jointly issued check; and

    c. Class Counsel has confirmed that the check initially issued jointly to the Claiming Co-Borrower and Missing Co-Borrower (i) has not been negotiated, and (ii) has expired by its terms.

  2. If Class Counsel determines that a Claiming Co-Borrower has satisfied the terms contained in Paragraph 1 above, Class Counsel shall instruct the Class Administrator to issue a replacement check to such Claiming Co-Borrower of an amount specified by Class Counsel not to exceed the amount of the check initially issued jointly to the Claiming Co-Borrower and his or her Missing Co-Borrower.  The replacement check shall have an expiration date of sixty (60) days or less.

  3. Class Counsel shall promptly advise the Class Administrator and counsel for HDCC as to any demands for and decisions regarding issuance of replacement checks pursuant to this Stipulation.  Class Counsel shall further submit a declaration to the Court identifying any checks that have been or will be reissued to Claiming Co-Borrowers pursuant to this Stipulation and confirming that the terms contained in Paragraph 1 of this Stipulation were satisfied in each instance.

  4. In the event that one or more replacement checks are issued pursuant to this Stipulation, the calculation and distribution of the residual or cy pres funds shall be delayed until such time as all replacement checks have been cashed, expired, or otherwise accounted for.

  5. All Missing Co-Borrowers and Claiming Co-Borrowers, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall and hereby do release any and all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that they have or may have against HDCC and any of its present and former officers, directors, attorneys, accountants, agents, representatives, employees, heirs, insurance carriers, predecessors, affiliates, agents, parents, subsidiaries and successors in interest arising out of any replacement checks issued by the Class Administrator pursuant to this Stipulation.

This specific release supplements the Settlement Class Members' general release contained in Paragraph 5.07 of the Settlement Agreement, which is incorporated herein by this reference.

6. This Stipulation is executed in accordance with Paragraph Except as specifically modified in this Stipulation, the Settlement Agreement and every provision thereof are unchanged and remain in full force and effect.

7. This Stipulation may be executed by duplicate or facsimile copies in place of original signatures.

Dated: May 24, 2014

By: /s/ Luis Manuel Mora
_____
LUIS MANUEL MORA, individually and on behalf of the Settlement Class and Settlement Sub-Class

Dated: May 21, 2014                    HARLEY-DAVIDSON CREDIT CORP.

By: /s/ Thomas E. Fleming
_____
Name: Thomas E. Fleming
Title: Director, Loss Mitigation

Dated: May 29, 2014                    KEMNITZER, BARRON & KRIEG, LLP

By: /s/ William M. Krieg
_____
WILLIAM M. KRIEG
Attorneys for Plaintiff, the Settlement Class and Settlement Sub-Class

Dated: May 29, 2014                    REED SMITH LLP

By: /s/ Alicia A. Baiardo
_____
DAVID C. POWELL
ALICIA A. BAIARDO
Attorneys for Defendant HARLEY-DAVIDSON CREDIT CORP.

**ORDER**

Based on the Stipulation of the parties, and for good cause shown, the Settlement Agreement and Release June 5, 2013 shall be modified in the manner described in the above stipulation.

IT IS SO ORDERED.

Dated: __June 3, 2014__    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE